IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRUNO SANZI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV33 |
| | ) | |
| XPO LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

This action, initiated on May 20, 2020, was transferred to this Court from the Northern District of Illinois on January 12, 2021, (*See* ECF Nos. 1, 21, 22, 23). Plaintiff Bruno Sanzi filed an Amended Complaint against his former employer, Defendant XPO Logistics, on March 5, 2021, (ECF No. 35), which asserts six claims for relief including discrimination based on national origin under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (*Id.* at 8–14.) Before the Court is Defendants' Motion to Dismiss Plaintiff's "Third Claim for Relief (National Origin Discrimination in Violation of Title VII)" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 36.) For the reasons stated below, Defendant's Motion to Dismiss will be denied.

I.     **STANDARD OF REVIEW**

    A.     **12(b)(6)**

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v.*

*Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)).

## II. DISCUSSION

In support of its motion to dismiss, XPO argues that Plaintiff's Amended Complaint "fails to allege facts that plausibly support his claim for national origin discrimination in violation of Title VII." (ECF No. 37 at 1.) Specifically, XPO argues that Plaintiff failed to allege facts that show that he was treated differently because of his national origin.

Title VII provides that it is an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

2

Case 1:21-cv-00033-LCB-LPA   Document 51   Filed 03/02/22   Page 2 of 6

employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e–2(a)(1). To establish a prima facie case of discrimination under Title VII, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). Although a plaintiff does not have to specifically plead every element of a prima facie case of discrimination in his complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), he must still "allege facts to satisfy the elements of a cause of action created by that statute," *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). The burden of establishing a prima facie case under this test "is not onerous." *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981).

Here, the first three elements of the prima facie case are not in dispute. (*See* ECF No. 37.) As an individual of Brazilian national origin, Mr. Sanzi is a member of a protected class. *See generally Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973) (defining national origin). Next, with respect to the second element, Mr. Sanzi asserts several allegations that his job performance was satisfactory, including that he "met and exceeded XPO's expectations," "was a top producer and received positive employment reviews." (ECF No. 35 ¶ 28.) XPO does not dispute that Mr. Sanzi's job performance was satisfactory. Thus, Plaintiff has alleged facts sufficient to show satisfactory job performance. Third, Plaintiff alleges that he suffered an adverse employment action when he was excluded from emails and meetings, received smaller and less lucrative accounts, and was paid less despite being a "top producer." (*Id.* ¶¶ 30–32.)

XPO does not dispute that there were adverse employment actions.[1]  Therefore, Mr. Sanzi has alleged sufficient facts showing that he suffered an adverse employment action.

Lastly, Mr. Sanzi makes several allegations and provides examples of how he was treated differently than other allegedly "similarly situated" non-Brazilian employees at XPO. Initially, Mr. Sanzi alleges being excluded from emails and meetings, "while his non-Brazilian counterparts were kept in the loop on their accounts and customer meetings," including an instance where XPO "intentionally excluded him from key meetings on his accounts with [one of his clients], while including another non-Brazilian team member with the same position and the same account." (*Id.* ¶ 30.) Plaintiff also alleges receiving smaller and less lucrative accounts "compared to his comparable non-Brazilian, U.S.-born team members," especially during the distribution of accounts in 2018, 2019, and 2020 following reductions in force, where he alleges that "comparable non-Brazilian, U.S.-born team members received bigger and more lucrative accounts than [he did], despite the fact that he was a top producer." (*Id.* ¶ 31.) Finally, he alleges that he was paid less than his comparable non-Brazilian, U.S.-born team members despite being a "top producer." (*Id.* ¶ 32.) Thus, Mr. Sanzi has alleged facts sufficient to show that he was treated differently than similarly situated employees outside of his protected class.

Defendant cites numerous cases to support its argument that Plaintiff's allegations that he was discriminated against because of his national origin are conclusory. However,

---

[1] XPO argues that the reasons for these decisions were unrelated to Mr. Sanzi's national origin. However, at the motion to dismiss stage the Court may only consider the complaint, "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp. 3d 568, 573 (M.D.N.C. 2019). XPO's proffered legitimate, nondiscriminatory reasons for its adverse employment actions are therefore not available for consideration by this Court at this stage.

4

Defendant's cases are distinguishable.[2] For instance, Defendant relies heavily on *McCleary-Evans*, a case in which the plaintiff, an African American woman, sued the "Maryland Department of Transportation's State Highway Administration, alleging that the Highway Administration failed or refused to hire her" for the two positions that she applied for because of her race and sex. *McCleary-Evans*, 780 F.3d at 583. Specifically, the plaintiff alleged that "she was highly qualified for the positions, but that the decisionmakers were biased and had 'predetermined' that they would select white candidates to fill the positions." *Id.* The Fourth Circuit held that the plaintiff failed to allege sufficient facts to show that she was discriminated against because of her race or sex because (1) her claims that the decisionmakers were biased in their decision-making was conclusory, and (2) she failed to include in her complaint "any allegations regarding the qualifications or suitability of the persons hired to fill the two positions." *Id.* at 584. Specifically, the court noted that the plaintiff omitted from her complaint any allegation stating how the white candidates that were hired instead of her were less experienced and less qualified for the position. *Id.* at 586–87.

This case is distinguishable from *McCleary-Evans*. Here, Mr. Sanzi has alleged that he was equally or more qualified than the non-Brazilian employees at XPO who did not suffer adverse treatment. For instance, he alleges facts showing that he was treated differently from a non-Brazilian employee with the same position and on the same account when he was excluded from emails and meetings while that individual was included. In addition, he alleges that he was paid less than his non-Brazilian counterparts despite being a top producer. Thus,

---

[2] Plaintiff in his Memorandum of Law in Opposition to Defendant's Motion to Dismiss distinguishes the cases cited by Defendant, (*see* ECF No. 38 at 3–5), which this Court finds persuasive.

5

by stating how he was equally or more qualified than his non-Brazilian counterparts, Mr. Sanzi, unlike the plaintiff in *McCleary-Evans*, has alleged sufficient facts from which the Court can reasonably infer that he was discriminated against because of his national origin. Defendant has been given fair notice of what Sanzi's claim is and the grounds on which it rests as required under Rule 8(a)(2). *See Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).

Viewing the evidence in the light most favorable to Plaintiff and resolving all inferences in his favor, as the Court must do at this stage of the proceedings, Plaintiff has alleged sufficient facts to state a plausible claim of national origin discrimination under Title VII against XPO.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Title VII Discrimination Claim in Plaintiff's Amended Complaint Under Rule 12(b)(6), (ECF No. 36), is **DENIED.**

This the 2nd day of March 2022.

/s/ Loretta C. Biggs
United States District Judge